Case 1:22-cr-00007   Document 66   Filed 05/22/24   Page 1 of 2

F I L E D
 Clerk
 District Court
MAY 22 2024
for the Northern Mariana Islands
By_____JP_____
            (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:22-cr-00007 |
| Plaintiff, | |
| vs. | **DECISION AND ORDER REGARDING MOTION FOR SENTENCING REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)** |
| DERIK JONATHAN CAMACHO REYES, | |
| Defendant. | |

Before the Court is Defendant Derik Jonathan Camacho Reyes's Motion for Resentencing ("Mot.," ECF No. 64) pursuant to Amendment 821 under 18 U.S.C. § 3582(c)(2) and § 1B1.10 of the U.S. Sentencing Guidelines ("USSG") and the Government's Response to Reyes's Motion (Gov't's Response, ECF No. 65). Pursuant to the Court's General Order 24-00001, Reyes's attorney was to file a motion to withdraw, motion to continue, stipulation, or contested motion regarding Amendment 821.

The Court sentenced Reyes to 27 months imprisonment at the low end of the USSG as Reyes had a Criminal History Category of IV and a Total Offense Level of 14. (J. 2, ECF No. 55; Amended Final PSR ¶ 86, ECF No. 52.) Now, pursuant to Part A of Amendment 821, Reyes's Total Criminal History Points is reduced from eight to six. *See* USSG § 4C1.1. As such, his total Criminal History Category is reduced from IV to III. Therefore, Reyes's sentencing range is 21 to 27 months imprisonment.

In his Motion, Reyes correctly concludes that the revised guideline range after application of Amendment 821 is 21 to 27 months. (Mot. 2.) However, how he derives that number is incorrect; the Court agrees with both the U.S. Probation's Supplement to the Presentence Investigation

Report (ECF No. 59) and the Government's reasoning instead. First, Reyes incorrectly states the Court's prior finding was that his guideline range was 30 to 37 months. (Mot. 2.) The correct guideline range was 27 to 33 months, and therefore Reyes's sentence of 27 months was within the guidelines. (Amended Final PSR ¶ 86, ECF No. 52; Supp. to PSR 1.) Second, Reyes fails to correctly apply Part A of Amendment 821 and states that instead of a change in his Criminal History Points that affects his Criminal History Category Level, Reyes applies the reduction to Reyes's Total Offense Level of 14 to 12. (Mot. 2.) In fact, pursuant to USSG §4A1.1(d) (2021), Reyes received an additional two points towards his Criminal History Points because his two prior convictions resulted in six Criminal History Points and he committed the offense while under a criminal justice sentence. (Amended Final PSR ¶ 54.) Now, Reyes no longer receives these two additional Points under §4A1.1(e) (2023), because the amendment requires seven or more Points under USSG §4A1.1(a)-(d) (2023), which Reyes only has six Points. (*Id.* ¶ 51-52.)

Under USSG §4A1.1, "[t]he total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table." Therefore, the Total Criminal History Points of six results in a Criminal History Category of III. Reyes has the same Total Offense Level of 14, which results in a guidelines range of 21 to 27 months. Given that both parties agree that an appropriate amended sentence is 21 months imprisonment and based on the Court's analysis of the facts of this case, the Court finds that sentence appropriate. Accordingly, Defendant Derik Jonathan Camacho Reyes is hereby resentenced to 21 months imprisonment with all other provisions of the Judgment (ECF No. 55) remaining in effect.

IT IS SO ORDERED on this 22nd day of May 2024.

_____
RAMONA V. MANGLONA
Chief Judge